**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

                                                Case No. 92-CR-81097-DT

v.

                                                HONORABLE PATRICK J. DUGGAN

WILLIAM McREYNOLDS (D-2),

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO ATTEND MOTHER'S FUNERAL**

On May 26, 2006, in the afternoon, the undersigned's office received a call from Defendant's counsel indicating that the instant motion was before the Honorable Patrick J. Duggan. Defense counsel faxed to Chambers a Motion to Attend Mother's Funeral on Friday, 3:25 p.m. (Facsimile stamped 14:25 from St. Louis, Missouri). Defendant seeks permission to attend his mother's funeral (Carrie McReynold). The motion indicates funeral arrangements are being handled by Swanson's Funeral Home and the funeral services are scheduled for Saturday, May 27, 2006, 10:00 a.m., at the New Providence Baptist Church, 18211 Plymouth Road, Detroit, Michigan. Defendant indicated he would be responsible for all expenses to be incurred by the federal authorities.

It appears that the United States Marshal's office was contacted by defense counsel on Wednesday, May 24, 2006. The Marshal's office indicated to defense counsel the requirements to transport Defendant to the funeral or to view the remains, including an Order from the Court before the Marshal's office can begin its preparations to transport Defendant. Judge Duggan's Chambers was apparently contacted by defense counsel on Thursday, May 25, 2006. Defense counsel was directed to file the appropriate motion. The Court's docket does not indicate any such motion was filed until the faxed motion to the undersigned's Chambers on May 26, 2006.

The United States Attorney's Office was contacted by the Court's staff after receipt of the faxed motion. Assistant United States Attorney Michael Liebson had no objection to the motion.

The Court's staff also contacted the Swanson Funeral Home which confirmed that it had the remains of Carrie McReynolds. The funeral home indicated it could not confirm Defendant William McReynolds as the son until after 8:00 p.m. The funeral home would close at 9:00 p.m. The funeral home indicated the remains would be moved to the church between 8:00 a.m. and 8:30 a.m. on Saturday, May 27, 2006.

The Second Superceding Indictment filed April 1, 1993 charges Defendant McReynolds with Conspiracy to Possess with Intent to Distribute and to Distribute Heroin and Cocaine, in violation of 21 U.S.C. § 846, in addition to six other counts of money laundering and other charges. The trial is currently scheduled for June 26, 2006.

After reviewing the Motion, the Court denies Defendant's request for the following reasons:

1) The Motion was not properly filed.

2) The Motion did not contain any information verifying that Carrie McReynolds is the mother of Defendant McReynolds nor verifying that Carrie McReynolds had died (although the Court subsequently orally verified the death of Carrie McReynolds).

3) The Court was unable to independently verify on such short notice, that Defendant is the son of Carrie McReynolds.

4) The short notice did not provide sufficient notice and opportunity for transportation and security to be provided by the appropriate authority for attendance at the funeral or for a private viewing of the remains.

Accordingly,

IT IS ORDERED that Defendant McReynold's Motion to Attend Mother's Funeral (faxed to Chambers on May 26, 2006) is DENIED.

                                              s/ DENISE PAGE HOOD
                                              DENISE PAGE HOOD
                                              United States District Judge
                                              In the Absence of the
                                              Honorable Patrick J. Duggan

DATED: May 26, 2006